UNITED STATES DISTRICT COURT
NORTHER DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

    -v-                                    CASE NO. 16-CR-342 (GTS)

GILBERT ROSA SANCHEZ,
                           Defendant.
_____


# DEFENDANT'S OPPOSITION TO THE GOVERNMENT'S ALLEGATION SEEKING THE ENTRY OF A MONEY JUDGMENT FOR UNRECOVERED DRUG PROCEEDS


DATED:      July 25, 2018                Respectfully submitted,


                                       LISA A. PEEBLES
                                       Federal Public Defender
                                       Bar Roll No.: 507041
                                       Office of the Federal Public Defender
                                       4 Clinton Square, 3rd Floor
                                       Syracuse, NY 13202
                                       315-701-0080

## PRELIMINARY STATEMENT

Gilbert Rosa Sanchez pled guilty to a one-count indictment to conspiracy to possess with intent to distribute and to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846.  The indictment contained a forfeiture allegation, made under 21 U.S.C. §§ 853, 853(p) and 28 U.S.C. § 2461(c), which provides:

> the defendants shall forfeit to the United States of America, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense.

> The property to be forfeited includes, but is not limited to, the following:

> a) A money judgment in the amount of $1,000,000 for which the defendants are jointly and severally liable;

> b) $17,715 in U.S. currency;

> c) $11,000 in U.S. currency

On March 23, 2017, Gilbert Rosa Sanchez pled guilty to the indictment without entering into a plea agreement with the government.  Prior to the change of plea hearing, the government filed an offer of proof containing the same forfeiture allegation as set forth in the indictment. During his change of plea hearing, Rosa Sanchez admitted to certain facts relating to the offense, along with the forfeiture allegations set forth in the indictment.  Other than a naked admission to the entry of a money judgment, he did not stipulate to any facts that could form the basis for an order of forfeiture in the amount of $1,000,000 under 18 U.S.C. §§ 853, 853(p), or 21 U.S.C. § 2461(c).  On April 19, 2017, the Court entered a preliminary order of forfeiture for specific property and a money judgment in the amount of $1,000,000, representing unrecovered drug proceeds. On August 29, 2017, Rosa Sanchez was sentenced to 120 months of imprisonment and 5 years of supervised release although he is a citizen of the Netherlands and Dominican Republic and will be deported upon serving his sentence. A fine was not imposed because Rosa Sanchez

1

has no assets or financial resources and no ability to pay a fine. On May 2, 2018 the Second

Circuit mandate was entered as stipulated by the parties for reconsideration of the money

judgment pursuant to *Honeycutt v. United States*, 137 S.Ct. 1626 (2017).

## ARGUMENT

The Fifth Amendment to the United States Constitution provides, in pertinent part, that "no

person shall be …deprived of…property, without due process of law…"  U.S. Const. amend. V.

28 U.S.C. § 2461(c) provides:

> If a person is charged in a criminal case with a violation of an Act of Congress for
> which the civil or criminal forfeiture of property is authorized, the Government may
> include notice of the forfeiture in the indictment or information pursuant to the
> Federal Rules of Criminal Procedure.  If the defendant is convicted of the offense
> giving rise to the forfeiture, the court shall order forfeiture of the property as part
> of the sentence in the criminal case pursuant to the Federal Rules of Criminal
> Procedure and section 3554 of title 18, United States Coe.  The procedures in
> section 413 of the Controlled Substances Act (21 U.S.C. 853) apply to all stages of
> a criminal forfeiture proceeding, except that subsection (d) of such section applies
> only in cases in which the defendant is convicted of a violation of such Act.

21 U.S.C. § 853 provides:

(a)  Property subject to criminal forfeiture
Any person convicted of [21 U.S.C. § 841, *et seq.*] …shall forfeit to the United States…
> (1) any property constituting, or derived from any proceeds the person obtained,
> directly or indirectly, as the result of such violation;
> (2) any of the person's property used, or intended to be used, in any manner or part, to
> commit, or to facilitate the commission of, such violation…

(b)  Meaning of term "property"
Property subject to criminal forfeiture under this section includes—
> (1) real property, including things growing on, affixed to, and found in land; and
> (2) tangible and intangible personal property, including rights, privileges, interests,
> claims, and securities.
> ….

(p) Forfeiture of substitute property
> (1) In general

Paragraph (2) of this subsection shall apply, if any property described in subsection ((a), as a result of any act or omission of the defendant—

  (A) cannot be located upon the exercise of due diligence;

  (B) has been transferred or sold to, or deposited with, a third party;

  (C) has been placed beyond the jurisdiction of the court;

  (D) has been substantially diminished in value; or

  (E) has been commingled with other property which cannot be divided without difficulty.

(2) Substitute Property

  In any case described in subparagraphs (A) through (E) of paragraph (1), the court shall order the forfeiture of any other property of the defendant, up to the value of any property described in subparagraphs (A) through (E) of paragraph 1, as applicable.

The government erroneously contends that the above statutes permit a money forfeiture judgment as alleged in the indictment.

## I. FORFEITURE MONEY JUDGMENTS ARE NOT AUTHORIZED BY STATUTE

Congress has not authorized the imposition of a forfeiture money judgment as a form of punishment for the offense that Rosa Sanchez committed. Rather, the federal forfeiture statutes only allow for the forfeiture of specific property of a convicted defendant if the government proves the property constitutes, or is derived from, proceeds traceable to the offense of conviction. *See* 21 U.S.C. § 853(a) (property subject to criminal forfeiture is "any property constituting or derived from, any proceeds the person obtained, directly or indirectly, as a result of such violation"). If those tainted assets are unavailable because of the actions of the defendant, the government may, upon conviction, seek forfeiture of substitute, or untainted, assets from the defendant. 21 U.S.C. § 853(p). No provision of these statutes allows the government to obtain an *in personam* forfeiture money judgment against an indigent defendant as a form of punishment.

The forfeiture money judgment has emerged as a purely judicial creation.  This judicially-created punishment has no equivalent in federal criminal sentencing.  Every other element of a federal criminal sentence—term of imprisonment, restitution, fine, special assessment, other forms of criminal forfeiture, and the terms and conditions of supervised release—has been created by Congress and explicitly provided for by federal statute.  Therefore, there is no lawful basis for the forfeiture money judgment the government seeks against Rosa Sanchez.

## II.    FORFEITURE MONEY JUDGMENTS VIOLATE THE SEPARATION OF POWERS DOCTRINE

Since there is no statutory basis for a forfeiture money judgment, imposition of such a judgment violates the Separation of Powers doctrine.  The legislative power, "including the power to define criminal offenses and to prescribe the punishments to be imposed upon those found guilty of them, resides *wholly* with the Congress."  *Whalen v. United States,* 445 U.S. 684, 689 (1980) (citations omitted) (emphasis added).  When a federal court imposes a punishment that Congress had not authorized, "it violates…the constitutional principle of separation of powers in a manner that trenches particularly harshly on individual liberty."  *Id.*  Any judicial discretion at sentencing is controlled by statute.  *Apprendi v. New Jersey,* 530 U.S. 466, 481 (2000) ("judges in this country have long exercised discretion…in imposing sentence *within statutory limits* in the individual case" (emphasis in original)); *Welch v. United States,* _U.S._, 136 S. Ct. 1257, 1268 (2016) (courts are "prohibited from imposing criminal punishment beyond what Congress in fact has enacted by a valid law" and "lack[] the power to exact a penalty that has not been authorized by any valid criminal statute").  When, as here, the text of a statute does

not supply the requested form of punishment, there is nothing for the court to do except invite

Congress to amend the statute. *See United States v. Monsanto,* 491 U.S. 600, 614 (1989).

### III.   CASE LAW RELIED UPON BY THE GOVERNMENT IN SUPPORT OF FORFEITURE MONEY JUDGMENTS IS WITHOUT LEGAL FOUNDATION

Federal Courts of Appeals, including the Second Circuit have upheld forfeiture money

judgments, but these decisions simply "assume the propriety of personal money judgments in

forfeiture proceedings, [and then] are subsequently read as establishing the propriety of such

judgments." *United States v. Surgent,* 2009 WL 252137 at *13-14 (EDNY 2009).  In *Surgent,*

Judge Gleeson recognized that neither the statutes nor Rule 32.2 of the Federal Rules of Criminal

Procedure authorize an *in personam* forfeiture money judgment.  *Surgent,* 2009 WL 2525137 at

*6-7.   This caused Judge Gleeson to deconstruct the case law upholding such judgments.

Beginning with the Second Circuit's decision in *United States v. Bermudez,* 413 F.3d 304

(2d Cir. 2005), Judge Gleeson and the government agreed that, in *Bermudez,* "the Second Circuit

affirmed forfeiture orders awarding money judgments without discussion or analysis."  *Surgent,*

2009 WL 252137 at *8 (quoting Government's Feb. 24, 2009 Mem., p. 3).  Because of this,

Judge Gleeson held that "*Bermudez* cannot properly be considered as binding precedent

authorizing the award of personal money judgments."  *Id.*

Looking at decisions from other Courts of Appeals, Judge Gleeson noted that Courts

were trying to fill in the gaps of the forfeiture statutes where a money judgment is sought against

a defendant who currently possesses no assets.  For example, in *United States v. Casey,* 444 F.3d

1071 (9th Cir. 2006), the district court refused to impose a $7,000 money judgment against an

indigent defendant convicted of a controlled substance offense because the defendant had no

assets to forfeit.  *Id.,* at 1072. On the government's appeal, the Ninth Circuit reversed even after

5

acknowledging that 21 U.S.C. § 853's definition of property does not explicitly authorize money judgments based on a defendant's future assets.  *Id.,* at 1073.  In order to patch the hole in the statute, the Ninth Circuit determined that § 853 needed to "be liberally construed to effectuate its remedial purposes and concluded that "requiring imposition of a money judgment on a defendant who currently possesses no assets furthers the remedial purposes of the forfeiture statute by ensuring that all eligible criminal defendants receive the mandatory forfeiture sanction Congress intended and disgorge their ill-gotten gains, even those already spent."  *Id.,* at 1074. Judge Gleeson identified where the Ninth Circuit erred—"'[t]he mandatory forfeiture sanction Congress intended' for drug offenders is the one it enacted in § 853; an order requiring the defendant to forfeit specific property—the offense property described in § 853(a), and, if applicable, the substitute property described in § 853(p)(2)." *Surgent,* 2009 WL 2525137 at *11. The sanction "is an order directing the defendant to forfeit specific property, rather than an order establishing that the defendant is liable to the United States for a certain amount of money."  *Id.*

Even though the Second Circuit has upheld forfeiture money judgments, in so doing, it simply announced that "[w]e join our sister courts of appeals in holding that § 853 permits imposition of a money judgment on a defendant who possesses no assets at the time of sentencing.  *United States v. Awad,* 598 F.3d 76, 78 (2d Cir. 2010).  *United States v. Kalish,* 626 F.3d 165, 168-69 (2d Cir. 2010), followed *Awad* without analysis.  They carry the same shortcomings as *Bermudez.*

In *United States v. Vampire Nation,* 451 F.3d 189, 201-02 (3d Cir. 2006), the Third Circuit held that because "§ 853 does not contain any language limiting the amount of money available in a forfeiture order to the value of assets a defendant possesses at the time the order is issued, we think it clear that an *in personam* forfeiture judgment may be entered for the full

amount of the criminal proceeds."   In *United States v. Baker,* 227 F.3d 955, 970 (7th Cir. 2000), the Seventh Circuit assumed the lawfulness of a forfeiture money judgment.  In *United States v. Smith,* 656 F.3d 821, 828 (8th Cir. 2011), the Eighth Circuit followed "five other circuits" to uphold a forfeiture money judgment because the "broad text" of the statute and the directive in § 853(o), that it be "liberally construed to effectuate its remedial purpose," allowed judgments to be imposed absent proof of a nexus to the underlying offenses.

These decisions have no statutory basis and run contrary to the fundamental nature of forfeiture.  With few exceptions, criminal asset forfeiture has always been *in personam,* but limited to specific property that bears the requisite statutory nexus to the offense conduct or that substitutes for that direct nexus property, and such a nexus is required by the forfeiture statutes at issue here.  *See* 21 U.S.C. §§ 853 (a), (p).  By holding otherwise, the government is permitted to forfeit property that has no nexus to the defendant's crime.  As such, the government can obtain untainted property through a money judgment forfeiture, which the law does not allow.

Only tainted property, which is property derived from, involved in, or consists of the proceeds of a crime, may be forfeited.  *Caplin & Drysdale v. United States,* 491 U.S. 617 (1989).  The case law relied upon by the government and discussed by Judge Gleeson in *Surgent*, obliterates the distinction between tainted and untainted property by providing the government a method to seize future untainted assets of a defendant that have no nexus to the offense of conviction.

Judge Gleeson's reasoning in *Surgent* was mirrored by the Supreme Court in *Honeycutt v. United States,* 578 U.S. _, 137 S. Ct. 1626 (2017).  *Honeycutt* held that joint and several liability was not applicable to criminal forfeiture.  *Id.,* at 1634.  In *Honeycutt,* the government wanted to expand the scope of 18 U.S.C. § 853 arguing that Congress "must be presumed to have

7

legislated against the background principles of conspiracy liability, and thus, 'when the traceable proceeds of a conspiracy are unavailable, [§] 853 renders conspirators jointly and severally liable for the amount of the proceeds foreseeably obtained by the conspiracy.'" *Id.* (quoting Brief for United States 10.).  The Supreme Court rejected the government's claim because "[t]he plain text and structure of § 853 leave no doubt that Congress did not incorporate those background principles.  Congress provided just one way for the Government to recoup substitute property when the tainted property itself is unavailable—the procedures outlined in § 853(p)." *Id.*

The jurisprudence underlying both *Honeycutt* and *Surgent* is that criminal forfeiture remedies prescribed by Congress are clear, should be narrowly construed, and additional remedies not authorized by statute should not be inferred, or enlarged by the courts.  These decisions also make clear that unauthorized expansion of the statute allows the government to obtain untainted property outside the confines of the statute.  This the law does not allow because "[f]orfeiture pursuant to § 853(a)(1) is limited to property the defendant himself actually acquired as the result of the crime." *Honeycutt,* 137 S.Ct. at 1635.

## CONCLUSION

For the above reasons, the Court should deny the government's requests for a money judgment constituting unrecovered drug proceeds.

DATED:      July 25, 2018                    Respectfully submitted,

LISA A. PEEBLES
Federal Public Defender
Bar Roll No.: 507041
Office of the Federal Public Defender
4 Clinton Square, 3rd Floor
Syracuse, New York 13202
(315) 701-0080

TO:   Michael Gadarian, Esq., AUSA
      Gilbert Rosa Sanchez

8